# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| Adriel Escudero-Nunez, Individually and On Behalf of All Similarly Situated Persons, | § | |
| Plaintiff, | | |
| V. | § | CIVIL ACTION NO. 7:23-cv-161 |
| Baker Hughes Oilfield Operations LLC, Defendant. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Baker Hughes Oilfield Operations LLC ("Baker Hughes" or "Defendant") has a business plan that includes hiring coordinators/dispatchers who schedule jobs for Defendant's customers and misclassifying them as exempt employees even though they do not perform the job duties of an exempt employee. Baker Hughes does this in order to avoid paying overtime pay, saving the Defendant money and allowing it to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Adriel Escudero-Nunez ("Escudero" or "Plaintiff") is one of a number of employees hired by Baker Hughes as a salaried service delivery coordinator/dispatcher. Escudero brings this lawsuit on his own behalf and on behalf of his former co-workers against Defendant to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1. Escudero worked for Baker Hughes as a service delivery coordinator/dispatcher from January of 2023 until October of 2023. Escudero's duties included scheduling jobs for

Baker Hughes's customers, going to a warehouse to ensure that the proper equipment was being used to do the customers' jobs, and loading the necessary equipment on trailers to be hauled to the field.

2. During the time he worked for the Defendant, Escudero regularly worked more than 40 hours per week.

3. Defendant paid Escudero on a salary basis. Defendant did not pay Escudero an overtime premium for any of the hours he worked over 40 in a workweek. Instead, Baker Hughes paid Escudero the same salary no matter how many hours he worked in a workweek.

4. Escudero worked with numerous other individuals who were paid on a salary basis and who were misclassified as exempt employees. These individuals were also delivery coordinators or dispatchers who also regularly worked over 40 hours per week. The Defendant did not pay these individuals overtime pay for hours worked over 40 per workweek. Instead, the Defendant paid these other individuals a set salary for all hours that they worked in a workweek.

## Allegations Regarding FLSA Coverage

5. Defendant is a California limited liability company that is covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for

commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Defendant's employees used or handled goods, tools, equipment, or materials that traveled in interstate commerce; that is, goods, tools, equipment, or materials that were grown, made or manufactured outside the state of Texas.

**Plaintiff's Claims**

10. Defendant was legally required to pay Escudero and his similarly situated salaried delivery coordinator/dispatcher co-workers ("Similarly Situated Workers") overtime pay for all hours that these individuals worked for Defendant in excess of 40 in any workweek.

11. Escudero worked over 40 hours in many workweeks that he worked for Defendant.

12. Similarly Situated Workers worked over 40 hours in many workweeks that they worked for Defendant.

13. Defendant did not pay Escudero an overtime premium for any of the overtime hours that he worked for the Defendant. Similarly, Defendant did not pay the Similarly Situated Workers an overtime premium for any of the overtime hours that they worked for the Defendant

14. The Defendant intentionally misclassified Escudero and his co-workers as exempt employees in order to try to avoid paying overtime to those individuals. In addition to wrongfully taking money and benefits from its employees, Defendant's intentional and knowing actions allowed Defendant to gain an unfair advantage over its competition in the marketplace.

15. The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff and Similarly Situated Workers. Such practice was and continues to be with regard to the Similarly Situated Workers, a clear violation of the FLSA.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

16. Defendant violated the FLSA by failing to pay Escudero and Similarly Situated Workers overtime pay for hours worked over 40 per workweek.

17. Escudero and Similarly Situated Workers have suffered damages as a direct result of Defendant's illegal actions.

18. Defendant is liable to Plaintiff and all Similarly Situated Workers for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Collective Action Allegations

19. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Similarly Situated Workers; that is, paying non-exempt delivery coordinator/dispatcher workers on a salary basis without paying them overtime pay. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Similarly Situated Workers.

22. The Similarly Situated Workers to whom notice should be authorized is:

> **All individuals working as delivery coordinators or dispatchers for Defendant Baker Hughes Oilfield Operations LLC who are/were paid on a salary basis during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

23. Defendant Baker Hughes Oilfield Operations LLC is a California limited liability company. The Defendant may be served through its registered agent, C T Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201.

24. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

25. Escudero demands a trial by jury.

## Prayer for Relief

WHEREFORE, Escudero and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons working for Defendant as delivery coordinators or dispatchers who are/were paid on a salary basis during the three-year period prior to the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiff's and the Similarly Situated Workers' unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
P.O. Box 10099
Houston, Texas 77206
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF ADRIEL ESCUDERO**